# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Gregory L. Hampton, | ) |
|                Plaintiff, | ) C/A No. 2:17-cv-01855-MBS-MGB |
| v. | ) |
| | ) **OPINION AND ORDER** |
| Nancy A. Berryhill, | ) |
| Acting Commissioner of Social Security, | ) |
|                Defendant. | ) |

On May 11, 2017, Plaintiff Gregory L. Hampton ("Plaintiff") filed the within action pursuant to 42 U.S.C. § 1383(c)(3), seeking judicial review of a final decision of Defendant Acting Commissioner of Social Security (the "Commissioner") denying his claim for Disability Insurance Benefits ("DIB").

## I.    Procedural History

Plaintiff filed his DIB application on March 21, 2013, alleging disability beginning August 28, 2012. Tr. 170. Plaintiff's application was denied initially, Tr. 61, as well as on reconsideration, Tr. 72. A hearing was held before an Administrative Law Judge ("ALJ") on January 21, 2016. Tr. 27. The ALJ issued his decision on March 11, 2016. Tr. 10. He determined that Plaintiff had medically determinable impairments of "degenerative disc disease of the thoracic spine with history of multiple back surgeries," Tr. 12, but while these impairments could reasonably be expected to cause Plaintiff's alleged symptoms, Plaintiff's "statements concerning the intensity, persistence and limiting effects of [Plaintiff's] symptoms [were] not entirely credible." Tr. 15. Thus, the ALJ concluded that Plaintiff was not under a disability within the meaning of the Social

Security Act. Tr. 19. Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on May 11, 2017, making the ALJ's decision the "final decision" of the Commissioner. Tr. 1.

On February 12, 2018, Plaintiff filed his brief challenging the ALJ's decision on three grounds: (1) "[t]he ALJ failed to properly assess medical opinion evidence"; (2) "[t]he ALJ did not explain his findings regarding the Plaintiff's residual functional capacity, as required by Social Security Ruling 96-8p"; and (3) "[t]he ALJ failed to properly consider [Plaintiff's] subjective symptoms per [Social Security Ruling] 16-3p." ECF No. 19 at 12, 19, 21. The Commissioner filed her response to Plaintiff's brief on March 22, 2018. ECF No. 20.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Mary Gordon Baker for a Report and Recommendation ("Report"). On July 31, 2018, the Magistrate Judge filed her Report recommending that the Commissioner's decision to deny benefits be affirmed. ECF No. 22. As to Plaintiff's first issue, the Magistrate Judge concluded that "substantial evidence supports the ALJ's analysis of the medical opinions in this case," observing *inter alia* that "one of the medical opinions in the record plainly supports the ALJ's determination." ECF No. 22 at 13, 14. As to Plaintiff's second issue, the Magistrate Judge concluded that Plaintiff's allegation of error that the "ALJ failed to consider evidence that Plaintiff would have difficulties concentrating," was without merit, and that the record supported the ALJ's assessment of Plaintiff's residual functional capacity. ECF No. 22 at 14, 16. Lastly, as to Plaintiff's third issue, the Magistrate Judge concluded that "the ALJ relied on a plethora of factors in reaching his conclusion about

2

Plaintiff's credibility," and that the ALJ's credibility analysis "is supported by substantial evidence." ECF No. 22 at 19. Plaintiff filed objections to the Report on August 14, 2018, ECF No. 23, to which the Commissioner responded, ECF No. 24.

This matter is now before the court for review of the Magistrate Judge's Report. The court is charged with making a *de novo* determination of any portions of the Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28. U.S.C. § 636(b).

## II. Standard of Review

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 4059(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful

3

scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that [her] conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). However, the Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

### III.     Discussion

Plaintiff was born in 1960 and was fifty-two years old on the day of his alleged disability onset date. Tr. 54. He has a high school education and past relevant work experience as a shipping clerk and working in a factory and a gas station. Tr. 205–207. Plaintiff alleges disability due to a fall that occurred in August 2012. Tr. 31, 34, 54, 222. The fall exacerbated Plaintiff's chronic back problems and, he alleges, rendered him disabled as of August 28, 2012. Tr. 54. Plaintiff further alleges disability due to high blood pressure, nerve and muscle damage, kidney stones, right elbow pain, and history of two strokes. Tr. 54.

A. Objection One: Opinions of Plaintiff's Treating Physicians

Plaintiff objects to the Magistrate Judge's finding that the ALJ correctly attributed little weight to the opinions of his treating physicians, Dr. Fromson and Dr. McGowen, and great weight to the opinion of the examining physician, Dr. Lyerly. ECF No. 23 at 1–5. According to Plaintiff, the Magistrate Judge failed to address two arguments raised in his brief. First, Plaintiff argues the Magistrate Judge failed to acknowledge Dr.

Lyerly's note that he would defer to Dr. Fromson and Dr. McGowen on the issue of whether Plaintiff is disabled. ECF No. 23 at 2. Second, Plaintiff argues that the ALJ incorrectly concluded that Dr. Lyerly was fully apprised of Plaintiff's surgical history, ignoring Dr. Lyerly's comment that he did not have any records of Plaintiff's lumbar spine. He also argues that the ALJ's attribution of great weight to Dr. Lyerly's opinion contradicts the ALJ's decision to grant little weight to the opinion of the state agency consultant on the basis that the consultant did not have records of Plaintiff's prior surgeries. ECF No. 23 at 2-3. Plaintiff argues that this contradiction reflects the ALJ's failure to consider the applicable factors contained in 20 C.F.R. § 404.1527(d), thus necessitating remand.

Pursuant to 20 C.F.R. § 404.1527(c), the Commissioner will evaluate every medical opinion received and will accord greater weight to the opinion of treating medical sources because treating physicians are best able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. However, the opinions of treating physicians are not necessarily entitled to controlling weight. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). As the Magistrate Judge correctly noted, "where the opinions of the treating physicians ... are not accorded controlling weight, the Commissioner is obligated to weigh those opinions in light of a broad range of factors, including the examining relationship, the nature and extent of the treatment relationship, supportability of the opinions in the medical record, consistency, and whether the treating physician was a specialist." ECF No. 22 at 5. *See Johnson v. Barnhart,* 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527). "[I]f a physician's opinion is not supported by

5

clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001).

The ALJ first reviewed Plaintiff's medical record, and concluded in relevant part as follows:

> Cumulatively, while the claimant has a complicated history of back pain and multiple surgeries, the undersigned finds it instructive that there have been rather few objective and clinical findings upon examination since the alleged onset date. He also experienced improvement in his pain and symptoms with therapy and injections, at least initially, and it has not been recommended that the claimant receive any further surgical intervention. The claimant also reported that he is able to cook and clean for himself. He also reported checking email, going to doctor's appointments, and going grocery shopping weekly.

Tr 16. The ALJ then evaluated the opinions of Dr. Fromson, Plaintiff's primary care physician, and Dr. McGowen, Plaintiff's treating orthopedic surgeon, as follows:

> As for the opinion evidence, the undersigned has given little weight to Dr. Fromson's opinions. Specifically, he noted in November 2012 that he felt it was "justifiable" for the claimant to be declared disabled []. Thereafter, he submitted a medical source statement from December 2012 noting the claimant's long history of back pain and surgical procedures and said the claimant is "no longer able to perform the type of work for which he has appropriate experience and training" and "is permanently disabled." []. Further, in July 2013, he noted the claimant's history and the MRI findings including a Schmorles node and opined the claimant is "permanently disabled" due to ongoing pain. [] He submitted another letter from September 2014 wherein he noted the claimant had seen several specialists over the previous year, but continues to experience severe back pain. [] Further, again, in 2015, Dr. Fromson stated, "I consider him to be permanently disabled due to his back pain." []
>
> ….
>
> Initially, Dr. Fromson's statements that the claimant should be declared "disabled" are opinions on an issue reserved to the Commissioner and entitled to nothing more than little weight in making this decision. Additionally, Dr. Fromson does not provide an opinion as to the claimant's function-by-function limitations, nor does he provide any explanation or citation to any objective or clinical findings upon examination to support his opinion that the claimant can no longer perform

his prior work or any work for that matter. He does note the claimant's history of surgeries, but this evidence alone does not support a disability finding, as the claimant returned to work for a number of years following these procedures. Further, there are few objective or clinical findings in his own treatment notes or other notes throughout the record as a whole, which suggest the claimant is so limited. []. Accordingly, Dr. Fromson's opinions have been given little weight in making this finding.

Additionally, the undersigned acknowledges Dr. McGowen's opinions from March 2013 wherein he noted the claimant's history and effort at maintaining employment and noted that at this point, he would consider the claimant "permanently and totally disabled." []. Initially, as noted above Dr. McGowen's opinion is conclusory in nature and on an issue reserved for the Commissioner. Regardless, Dr. McGowen's own treatment notes do not suggest the claimant is limited as noted in his statement because they include few objective findings. Additionally, Dr. McGowen's opinions are not supported by Dr. Fromson's treatment notes or the majority of the treatment and examination records because they do not include consistent objective findings that suggest the claimant is so limited. Therefore, his opinion has been given little weight as well in making this finding.

Tr. 17-18. By contrast, the ALJ gave great weight to the opinion of Dr. Lyerly:

[I]n making this finding, the undersigned has given greater weight to Dr. Lyerly's opinion from November 2013. Therein, he opined the claimant had only mild pain and no limitations. []. While he treated the claimant on only one occasion, he was fully apprised of the claimant's surgical history and noted fairly few objective findings upon examination, which is consistent with his opinion as he explained there were no findings to corroborate the claimant's complaints or support any limitations. [] Dr. Lyerly's opinion is also supported by the majority of the treatment notes since the alleged onset date, which include few objective and clinical findings and do not consistently document any gait abnormalities or reported trouble with sitting or standing to the extent as alleged at the hearing. Therefore, Dr. Lyerly's opinion has been given great weight in making this finding.

Tr. 18. As an initial matter, the court finds that the ALJ provided specific, clear reasons for the weight given to the sources of medical opinions. *See* Social Security Ruling ("SSR") 96-2p, 1996 WL 374188, at *5.

As to Plaintiff's objections, Dr. Lyerly first saw Plaintiff on October 10, 2013, at the request of Dr. Fromson. Tr. 437. During that visit, Dr. Lyerly noted that Plaintiff

"asked if I would fill out disability forms for him saying he is fully disabled because he has had 5-lumbar surgeries by Dr. McGowen culminating in rods and screws." *Id.* Dr. Lyerly commented that he had "no records of [Plaintiff's] lumbar spine." Tr. 437. Dr. Lyerly commented further:

> [Plaintiff] has no lateralizing symptoms about his ribcage, no bowel or bladder incontinence and no radicular pains. His prior back surgeries, last in 2005, alleviated his pains and he had no such pains from 2005 until this started August 2012. His 6/26/13 thoracic MRI shows a small Schmorl's node superior T10 endplate … , but it is not of high signal on STIR images.

Tr. 437. As an assessment of Plaintiff, Dr. Lyerly wrote, "lower thoracic pain since August 2012 with T10 Schmorl's node." *Id.* As his proposed plan for other treatment, Dr. Lyerly wrote that he would "get a bone scan to see if there is any indication that a kyphoplasty to strengthen the T10 superior endplate would offer [Plaintiff] any relief," observing that Plaintiff "certainly doesn't need a discectomy from a canal standpoint." *Id.* Finally, Dr. Lyerly wrote, "[a]s far as his disability, I will leave that to Dr.'s Fromson and McGowen." *Id.* However, Dr. Lyerly saw Plaintiff for a second visit one month later at which time he completed a form entitled, "Medical statement regarding low back pain for Social Security disability." Tr. 612. The Medical statement reflects no comment indicating that Dr. Lyerly had not reviewed records of Plaintiff's back surgeries. *See id.* Nor does the Medical statement reflect any note that Dr. Lyerly would defer to Dr. Fromson and Dr. McGowen on the issue of Plaintiff's alleged disability, to the extent his comment from October could be interpreted as indicating deference. Instead, Dr. Lyerly opined in the Medical statement that Plaintiff suffered from "mild" pain, and he prescribed for Plaintiff "no limits," observing that he had found "nothing [] to corroborate [Plaintiff's] complaints." Tr. 612.

The record does not support Plaintiff's objections that Dr. Lyerly deferred, ultimately, to Drs. Fromson and McGowen on the issue of Plaintiff's disability, or that the ALJ rendered contradictory decisions on the opinion evidence and thereby failed to adhere to section 404.1527(d). The Magistrate Judge discussed Dr. Lyerly's treatment notes from both office visits, ECF No. 22 at 10-11. The court concludes the Magistrate Judge did not err in finding that the ALJ's decision with regard to opinion evidence was supported by substantial evidence.

B.  Objection Two: Evaluation of Residual Functional Capacity

Plaintiff argues that the residual functional capacity fails to account for his difficulty concentrating. ECF No. 23 at 4. He objects that the Magistrate Judge erred in relying on his previous reports of high pain levels and his current use of medication that he used during the time when he was working to find that the ALJ properly concluded he could continue to perform light work, and objects that the Magistrate Judge's findings constitute improper post hoc reasoning. *Id.*

As Plaintiff asserted in his brief and the Magistrate Judge explained in her Report, SSR 96-8p provides the following guidance in assessing residual functional capacity:

> Ordinarily, RFC is the individual's *maximum* remaining ability to do sustained work activities in an ordinary work setting on a **regular and continuing** basis, and the RFC assessment must include a discussion of the individual's abilities on that basis. A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. RFC does not represent the *least* an individual can do despite his or her limitations or restrictions, but the *most*.

SSR 96-8p, 1996 WL 374184, at *2 (emphasis in original).

In finding that the ALJ properly determined Plaintiff was capable of performing light work, the Magistrate Judge observed as follows:

> The record does contain many reports of Plaintiff's pain, but the undersigned has reviewed the transcript of the hearing, and although Plaintiff reported that hydrocodone made him "sleepy and groggy," [] he did not allege difficulty concentrating and, as the Commissioner notes, Plaintiff was taking hydrocodone for many years while he was still able to work as a shipping clerk, []. To the extent the Plaintiff relies on Dr. McGowen's opinion in support of his allegation of error, the ALJ's analysis of this opinion was … supported by substantial evidence. Furthermore, the ALJ analyzed Plaintiff's allegation of depression and anxiety and found the impairment was "not severe."

ECF No. 22 at 15.

Plaintiff objects that the ALJ should have considered his work history and "efforts to return to work." ECF No. 23 at 4. However, the ALJ noted that Plaintiff returned to work after undergoing five back surgeries between 2003 and 2005, and that Plaintiff continued performing the same job in 2006 after he sustained further injury to his back while sitting on a forklift. Tr. 15. Plaintiff left his job in 2012 "due to an employer business decision," and received a severance package and retirement benefits. *Id.* He testified at the hearing that he attempted to perform another job at that time, but experienced increased low back pain due to circumstances requiring that he stand on cement for twelve hours per day. *Id.*

The ALJ further noted that Plaintiff did not present to a physician for recurrent back pain until October 2012, at which time he received several injections that he initially reported provided some relief. *Id.* He did not present to an orthopedist until March 2013. The ALJ acknowledged that Plaintiff continued to report pain that interfered with his sleep, but noted that Plaintiff also reported the pain improved with changing positions, and that Plaintiff had purchased a memory foam mattress and reported sleeping better at night. Tr. 15, 16. The ALJ observed that Plaintiff's treating records from October 2012 through June 2013 showed only tenderness to palpation in the thoracic

spine, and that Dr. Lyerly's treating notes reflected only mild pain and symptoms. *Id.* In February 2014, an orthopedic surgeon, Dr. Spangler, noted tenderness in Plaintiff's lower thoracic midline and to either side of the midline, but that Plaintiff's lumbar extension was not particularly painful and that his motor and sensory exams were intact in both lower extremities. *Id.* Plaintiff received an injection from Dr. Spangler, reported moderate relief, and apparently did not return for further treatment. *Id.*

Additionally, as the Magistrate Judge observed, Plaintiff did not allege during the hearing that he experienced difficulty with concentrating, ECF No. 22 at 15, and he did not list issues with concentration as an impairment on his disability application. Tr. 196. Lastly, and as the Magistrate Judge also observed, the ALJ assessed Plaintiff's complaints of depression and anxiety and found that any such conditions were not severe, that Plaintiff had declined available treatment, and that Plaintiff had reported daily activities indicating that the conditions caused "no more than mild functional limitations." Tr. 13; ECF No. 22 at 15. Accordingly, even if the Magistrate Judge engaged in post hoc reasoning in part, as Plaintiff contends, the record demonstrates that the ALJ considered Plaintiff's allegations regarding difficulty concentrating and that he referred to medical evidence in the record to substantiate his findings. The Magistrate Judge did not err in finding that that ALJ based his analysis on substantial evidence.

C. Objection Three: Evaluation of Credibility

Lastly, Plaintiff objects to the Magistrate Judge's finding that the ALJ's credibility analysis is supported by substantial evidence. ECF No. 23 at 5. Plaintiff argues that the ALJ, and in turn the Magistrate Judge, improperly relied on the opinion of Dr. Lyerly in assessing Plaintiff's credibility. *Id.* at 5. Plaintiff also argues that the ALJ

"ignored qualifying testimony" from him about how he performed activities of daily living. For example, Plaintiff asserts that the ALJ failed to consider his "statement that he had to sit for 15 minutes and then stand for 15 minutes," that he "never knew when the pain was going to be so sharp that he could not take it," "[h]e was not able to sustain activity [for] as long [as] he used to be able to do them," and that it "took him a long time to do household chores and shopping." *Id.* at 6.

Under the governing regulations, "the determination of whether a person is disabled by pain or other symptoms is a two-step process." *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996). The first step requires a finding of objective medical evidence showing "the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* After a claimant has met this threshold showing, the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work." *Id.* at 595. "The second determination requires the ALJ to assess the credibility of the claimant's statements about symptoms and their functional effects." *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017). The Fourth Circuit has provided the following guidance:

> [T]his evaluation must take into account not only the claimant's statements about her pain but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings … ; any objective medical evidence of pain … and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it….

*Craig*, 76 F.3d at 594; *see* 20 C.F.R. § 404.1529(c).

As to Plaintiff's first objection, the court concludes for reasons discussed above that the ALJ's reliance on Dr. Lyerly's opinion is supported by substantial evidence. As to Plaintiff's second objection, the governing law requires the ALJ to consider several factors in addition to Plaintiff's own reports of pain, and, as the Magistrate Judge observed, the record reflects that the ALJ took into account all the information before him that both supported Plaintiff's subjective complaints and detracted from them. ECF No. 22 at 17; Tr. 14, 15-16. In relevant part, the ALJ summarized the medical record as follows:

> Cumulatively, while the claimant has a complicated history of back pain and multiple surgeries, the undersigned finds it instructive that there have been rather few objective and clinical findings upon examination since the alleged onset date. He also experienced improvement in his pain and symptoms with therapy and injections, at least initially, and it has not been recommended that the claimant receive any further surgical intervention. The claimant also reported that he is able to cook and clean for himself. He also reported checking email, going to doctor's appointments, and going grocery shopping weekly.

Tr 16. The Magistrate Judge did not err in finding that the ALJ's credibility determination is based on substantial evidence. *See Craig*, 76 F.3d at 595 ("Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence ….").[1]

---

[1] In his brief, Plaintiff argued that the ALJ should have considered Social Security Ruling 16-3p, which supersedes SSR 96-7p. ECF No. 19 at 23-24. The Magistrate Judge explained in her Report that SSR 16-3p did not become effective until several days after the ALJ's decision, ECF No. 22 at 17, and Plaintiff does not object to this finding.

## IV. Conclusion

After reviewing the entire record, the applicable law, the briefs of counsel, the findings and recommendations of the Magistrate Judge, and Plaintiff's objections, this court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. For the reasons set out here and in the Report and Recommendation, the Commissioner's final decision of no disability is **AFFIRMED**.

**IT IS SO ORDERED.**

                                              s/ Margaret B. Seymour
                                              Margaret B. Seymour
                                              Senior United States District Judge

September 18, 2018
Charleston, South Carolina